# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRONE STALLINGS,

                Petitioner,

v.

MICHAEL GIERACH,

                Respondent.

Case No. 22-CV-1216-JPS

**ORDER**

**1.    INTRODUCTION**

In October 2022, Petitioner Tyrone Stallings ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Additionally, in light of the Court's receipt of the filing fee on November 2, 2022, the Court will deny Petitioner's motion to proceed in forma pauperis, ECF No. 2, as moot.

**2.    FACTUAL BACKGROUND**

Petitioner's § 2254 petition relates to his conviction in Milwaukee County Case No. 1996CF964321.[1] ECF No. 1. Petitioner pleaded guilty therein to conspiracy to commit first-degree intentional homicide as a party to a crime. *Id.* at 2; ECF No. 1-1 at 1. Due to the age of the case, few details remain available on the 1996CF964321 Docket.

---

[1] *See State of Wisconsin v. Tyrone Stallings,* Milwaukee Cnty. Case No. 1996CF964321, https://wcca.wicourts.gov/caseDetail.html?caseNo=1996CF964321&countyNo=40 (hereinafter "1996CF964321 Docket") (last visited Mar. 20, 2024).

The judgment of conviction was entered in that case on May 21, 1997. *Id*. at 2; 1996CF964321 Docket.[2] Petitioner filed a notice of intent to pursue post-conviction relief in May 1997. 1996CF964321 Docket. Then, in December of that year, he filed a notice of appeal. *Id.* He represents that he argued on appeal that his guilty plea was not entered knowingly, voluntarily, and intelligently, and that the sentence imposed was excessively harsh. ECF No. 1 at 3. On October 19, 1998, the Wisconsin Court of Appeals affirmed the judgment of conviction.[3] Petitioner did not thereafter timely "seek further review by the highest state court,"[4] nor did he petition for a writ of certiorari before the U.S. Supreme Court. *Id.* at 3–4.

On April 13, 2007, Petitioner moved for postconviction relief before the Milwaukee County Circuit Court. 1996CF964321 Docket. The circuit court denied the motion three days after its filing. *Id.*

Several months later, Petitioner petitioned the circuit court for a writ of habeas corpus under Wis. Stat. § 976.06 "seeking plea withdrawal on the basis of ineffective assistance of counsel." *Id.* The circuit court denied the petition six days later, and the Wisconsin Court of Appeals affirmed the denial of the writ. *Id.* In March 2010, the Wisconsin Supreme Court denied Petitioner's petition for review of the denial of the writ. *Id.*

---

[2]An amended judgment of conviction was later entered on October 24, 2007 to reflect jail time credit. 1996CF964321 Docket.

[3]Petitioner represents that the Wisconsin Court of Appeals affirmed his judgment of conviction on October 16, 1998, but the online docket provides an affirmance date of October 19, 1998. 1996CF964321 Docket. This discrepancy is immaterial for purposes of this Order.

[4]Years later, Petitioner unsuccessfully moved the Wisconsin Supreme Court for an extension of time within which to file a petition for review of his judgment of conviction. 1996CF964321 Docket.

In July 2010, Petitioner again moved the circuit court for postconviction relief under § 976.06. *Id.* The circuit court again denied the motion within three days of its filing, and the Wisconsin Court of Appeals denied Petitioner's later motion to extend his time to file a notice of appeal of that denial. *Id.*

In November 2018, Petitioner sent a petition for a writ of habeas corpus to the Wisconsin Court of Appeals. *Id.* The Court of Appeals denied the writ ex parte in February 2019. *Id.*

In December 2019, Petitioner moved the circuit court for an evidentiary hearing, arguing that the state withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and that he would not have pleaded guilty if he had known about "all this information." *Id.*; ECF No. 1 at 4. The following month, the circuit court denied the motion, and then denied it again several weeks later when Petitioner re-filed it. 1996CF964321 Docket. Petitioner appealed the denial of his motion for an evidentiary hearing to the Wisconsin Court of Appeals in January 2020. ECF No. 1 at 5 (Appeal No. 2020AP000154). The Court of Appeals denied the motion in May 2022, and it denied Petitioner's motion for reconsideration the following month. *Id.*; 1996CF964321 Docket. Petitioner petitioned for review of that denial before the Wisconsin Supreme Court in June 2022, and the Wisconsin Supreme Court denied the petition on August 30, 2022. ECF No. 1 at 5–6; 1996CF964321 Docket.

Petitioner remains incarcerated at Redgranite Correctional Institution under Warden Michael Gierach ("Respondent").[5] His maximum

---

[5] Warden Michael Gierach is accordingly the appropriate Respondent in this action. The Court will instruct the Clerk of Court to replace Dan Cromwell

discharge date is May 10, 2045, with an extended supervision commencement date of August 23, 2030. Offender Locator, https://appsdoc.wi.gov/lop/details/detail (last viewed Mar. 20, 2023).

Now before the Court is Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, which Petitioner represents having mailed on October 11, 2022 and which was docketed on October 17, 2022. ECF No. 1.

3.   **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

The Court begins by considering the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded,

---

with Michael Gierach as Respondent in this action. *See* Rule 2(a) of the Rules Governing 2254 Cases.

followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

As noted above, Petitioner appealed his judgment of conviction to the Wisconsin Court of Appeals on December 22, 1997, and that court affirmed the judgment of conviction on October 19, 1998. ECF No. 1 at 3. Petitioner did not thereafter timely petition the Wisconsin Supreme Court for review. *Id.* at 4. His direct appeal concluded at the expiration of his time to do so; Wisconsin law indicates that a defendant has thirty days within which to petition the Wisconsin Supreme Court following the affirmance by the Court of Appeals of a defendant's judgment and conviction, or twenty days after the Court of Appeals rules on the defendant's motion for reconsideration, if the defendant so moves. *See* Wis. Stat. § 808.10. Petitioner does not appear to have moved for reconsideration following the Court of Appeals' affirmance of his judgment and conviction. Petitioner's direct appeal therefore concluded on November 18, 1998. Because Petitioner did not seek certiorari from the U.S. Supreme Court, his judgment became final ninety days therefrom, on February 16, 1999. Under 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from that date within which to file his federal habeas petition. He failed to do so, filing it, with the benefit of the prison mailbox rule,[6] on October 11, 2022. His petition is therefore, under § 2244(d)(1)(A), facially untimely by over twenty years.

---

[6] *See* Rule 3(d) of the Rules Governing 2254 Cases ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

It is true that "[t]he AEDPA one-year limitations period is tolled during the pendency of state collateral review proceedings so long as the petitioner was challenging the pertinent judgment or claim that was the subject of the federal petition." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:72, 921 (2019 ed.) (citing 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")). But even taking that tolling into account, Petitioner's various other postconviction proceedings do not make up for the over twenty-two-year delay of his federal habeas petition, particularly considering that the circuit court denied several of those postconviction motions within mere days of their filing.

Alternatively, under 28 U.S.C. § 2244(d)(1)(D), the one-year period of limitation runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In his form petition, Petitioner asserts as a ground for relief the same *Brady* violation argument that he made before the Milwaukee County Circuit Court in December 2019. ECF No. 1 at 6. His petition asserts that the state prosecution withheld allegedly exculpatory documents that were "request[ed] back in 1996" for over eleven years. *Id.* at 6–7 ("The prosecutor office waited 11 pluses [sic] years to send these documents . . . ."). In other words, Petitioner suggests that he was sent or made aware of these allegedly long-withheld materials around 2007 or 2008. Say, for purposes of § 2244(d)(1)(D), that Petitioner intends to argue that his federal habeas statute of limitations should begin running not on February 16, 1999, but

Page 6 of 11
Case 2:22-cv-01216-JPS   Filed 03/20/24   Page 6 of 11   Document 7

rather on that date in 2007/2008 that he allegedly discovered that the prosecution had withheld exculpatory documents from him. Such an argument would nevertheless fail, and the petition would nevertheless be deemed untimely under § 2244(d)(1)(D), because Petitioner appears to concede that these allegedly exculpatory documents were disclosed to him roughly eleven years after his conviction—*i.e.*, around a decade ago. And again, even taking tolling for state collateral proceedings into account, he cannot be said to have filed the instant petition within a year of that date in 2007/2008.

A late petition can only be considered under two circumstances. The first is commonly known as the "actual innocence" exception[7]; it applies if the petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Gladney*, 799 F.3d at 896 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006) and citing *McQuiggin v.*

---

[7] The second exception is "equitable tolling," which is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 683–84 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Petitioner does not give any indication that he can, or intends to, invoke this exception; he points to no circumstance beyond his control that prevented his timely filing.

*Perkins*, 569 U.S. 383, 399 (2013)). "The actual innocence gateway is narrow," *id.* at 896, and "claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 524.

Petitioner does not clearly assert actual innocence as a basis for this Court to review his untimely petition. Nevertheless, for the sake of argument, imagine that he intends to proffer those allegedly exculpatory, long-withheld documents as evidence of his actual innocence to save his petition from its untimeliness. Such an argument would fail for several reasons.

First, and as noted above, Petitioner suggests that these documents were sent or made available to him around a decade ago. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" for actual innocence. *McQuiggin*, 569 U.S. at 399. Petitioner's unexplained decade-long delay in presenting this *Brady* theory and the documents underlying it—both to the state courts and to this Court—supports the conclusion that the actual innocence exception is not met.

Moreover, Petitioner describes the allegedly withheld documents as demonstrating that an individual "was working as an [sic] confidential informant for the prosecutor['s] office." ECF No. 1 at 7 ("Now [Petitioner] is trying to have the documents put on so that he can file an entrapment defense . . . ."); *id.* at 8 ("[I]t is patently clear that the defendant . . . was induced by . . . [a]n agent of the state . . . to commit a crime which he (Tyrone Stallings) had no previous disposition to commit."). Documents demonstrating the involvement of a confidential informant in the criminal case do not go to actual innocence—*i.e.*, they do not tend to indicate that Petitioner was in fact innocent of the offense for which he was convicted.

The involvement of a confidential informant in the case has no bearing on whether Petitioner actually, factually committed the offense for which he was convicted. *See Siavosh v. Birkholz*, No. CV 21-3354 JFW (AS), 2021 U.S. Dist. LEXIS 166078, at *6–7 (C.D. Cal. Aug. 2, 2021) ("Petitioner asserts [that] he is actually innocent because he has 'new evidence that' . . . he 'was a victim of . . . entrapment' . . . . However, an assertion of entrapment does not support a claim of *factual* innocence.") (collecting cases); *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir. 1995) ("[E]ntrapment is an excuse for, not a denial of, crime."); *Brown v. Escapule*, No. CV-15-00510-PHX-DJH, 2018 U.S. Dist. LEXIS 85739, at *13 (D. Ariz. May 21, 2018) ("[A]ny involvement by a confidential informant . . . does not actually make petitioner more innocent of the crimes; '[t]he very premise of the entrapment defense . . . is that the defendant committed the crime.'") (quoting *Eaglin*, 57 F.3d at 501). Accordingly, the allegedly withheld documents underlying Petitioner's *Brady* claim do not suffice for actual innocence purposes.

In light of the foregoing, Petitioner's § 2254 petition remains untimely. Seeing no avenue through which it could set aside the petition's untimeliness, the Court is constrained to deny the petition and to dismiss this case. Rule 4 of the Rules Governing 2254 Cases ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

### 4. CONCLUSION

The Court must address one additional matter. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), "petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner "need not show he is likely to prevail, but he must show that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quoting *Slack*, 529 U.S. at 484).

In light of the well-settled principles governing the disposition of Petitioner's grounds for relief, as discussed above, the Court cannot fairly conclude that reasonable jurists would debate whether his petition should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall replace Dan Cromwell with Michael Gierach as Respondent in this action;

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot** in light of Petitioner's payment of the filing fee**;**

**IT IS FURTHER ORDERED** that Petitioner Tyrone Stallings' petition for a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.