# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRONE STALLINGS,

      Petitioner,

v.

MICHAEL GIERACH,

      Respondent.

Case No. 22-CV-1216-JPS

**ORDER**

1.   **INTRODUCTION AND BACKGROUND**

  In October 2022, Petitioner Tyrone Stallings ("Petitioner") petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition asserts a single ground for relief: a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) involving the Government's alleged withholding of the statuses of Petitioner's co-conspirator as a confidential informant and the investigating detective as an alleged co-conspirator, evidence that Petitioner alleges supports an entrapment defense and undermines the legitimacy of his guilty plea. *Id.* at 6–8. In March 2024, the Court denied the petition and dismissed the action with prejudice following a screening of the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. ECF No. 7. The Court concluded that the petition was "facially untimely by over twenty years." *Id.* at 5.

  Under 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal habeas petition within one year of the date his "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Based on the Court's calculations, Petitioner's

judgment became final at the latest on February 16, 1999. ECF No. 7 at 5. Therefore, the one-year statute of limitations expired under § 2244(d)(1)(A) on February 16, 2000. The present petition was not filed until at least October 11, 2022, even considering the benefit of the prison mailbox rule. ECF No. 1 at 13.

Alternatively, the statute of limitations may begin running under § 2244(d)(1)(D) on the date on which the "factual predicate" for the claim could have been discovered through the exercise of due diligence. Section 2244(d)(1)(D) is of potential application as Petitioner claims to have not received the relevant allegedly exculpatory materials until 2007 or 2008. *See* ECF No. 1 at 7. As the Court noted, however, even under this alternative application, the petition would still be untimely. ECF No. 7 at 6–7.

The Court considered several potential avenues through which a petition's untimeliness can be excused: (1) actual innocence, (2) equitable tolling, and (3) statutory tolling. *Id.* at 6–9. Regarding actual innocence, the Court determined that both the delay in presenting the new evidence and its character as supporting an affirmative defense of entrapment are factors that do not support a finding of actual innocence. *Id.* at 8–9. Regarding equitable tolling, the Court determined that there was no "indication that [Petitioner] can, or intends to, invoke this exception," and so it discussed equitable tolling no further. *Id.* at 7 n.7. And regarding statutory tolling, the Court acknowledged the delays attributable to Petitioner's state postconviction proceedings but concluded that they did not make up for the petition's untimeliness. *Id.* at 6. Therefore, the petition remained untimely and was dismissed on this basis. *Id.* at 9–10.

Now before the Court is Petitioner's motion for reconsideration, received by the Court on March 29, 2024. ECF No. 9. For the reasons provided herein, the Court will deny the motion.

**2. LEGAL STANDARD**

Motions for reconsideration, generally, are reserved for rare circumstances such as where the Court has "patently misunderstood a party," "has made a decision outside the adversarial issues presented to the Court," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Such motions may also serve to correct "manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976)).

The Federal Rules of Civil Procedure generally recognize two processes to disturb a judgment that has already been entered: (1) a motion to alter or amend a judgment under Rule 59(e), or (2) a motion for relief from a judgment under Rule 60(b). A Rule 60(b) motion lists six express grounds for relief, including:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any

other reason justifying relief from the operation of the judgment.

A motion for reconsideration under Rule 60(b) must be grounded in one or more of these specific reasons rather than a "general plea[] for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (citing *Landau & Clearly, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996 (7th Cir. 1989) and *Tabcor Sales Clearing, Inc. v. United States*, 95 F.R.D. 534, 537 (N.D. Ill. 1982)).

By contrast, Rule 59(e) does not expressly list any specific ground for relief. The Seventh Circuit nevertheless recognizes only three grounds for such a motion: (1) a manifest error of law or fact, (2) newly discovered evidence, or (3) an intervening change in controlling law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (citing *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); and *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 91 n.3 (1st Cir. 1993)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). When it is unclear which Rule should apply, the Seventh Circuit has employed a bright-line rule based on the timing of the motion. *See Deutsch*, 981 F.2d at 301. A motion made within twenty-eight days of the entry of judgment is reviewed under Rule 59(e), whereas those filed afterwards are reviewed under Rule 60(b).

The purpose of a Rule 59(e) motion is to reserve for a trial court the opportunity to correct any misunderstanding or mistake in its prior ruling to avoid an unnecessary appeal. *Pickett v. Prince*, 207 F.3d 402, 408 (7th Cir. 2000). At the same time, however, a motion for reconsideration is "not an

appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993)). Neither is a motion for reconsideration an appropriate mechanism to submit a new legal theory for the first time, particularly when the theory could have been presented earlier. *Rothwell Cotton*, 827 F.2d. at 251.

3.   **ANALYSIS**

In support of his motion, Petitioner cites *Sorrells v. United States*, 287 U.S. 435 (1932) for the argument that a court must consider an entrapment defense "at any stage" of court proceedings. ECF No. 9 at 6–7. Petitioner appears to argue that the Court failed to properly apply *Sorrells* to excuse the untimeliness of his petition. *Id.*

Petitioner's motion is dated March 26, 2024—within twenty-eight days of the entry of judgment on March 20, 2024. ECF Nos. 8, 9 at 1. Therefore, the proper rule to use to evaluate the motion is Rule 59(e). The lack of reference to one of the enumerated bases for relief under Rule 60(b) further supports this conclusion. *See Deutsch*, 981 F.2d at 301.

In any event, the procedural avenue through which the Court interprets Petitioner's motion is immaterial because arguments that are raised for the first time in a motion for reconsideration are improper. *Rothwell Cotton*, 827 F.2d. at 251. Although Petitioner discussed entrapment in his previous submissions, he did not—until the instant motion—cite *Sorrells* or otherwise argue that such a claim must be allowed to proceed regardless of timeliness. *See* ECF No. 1. Therefore, this is a new legal theory that was not originally presented to the Court and will not be considered on reconsideration.

However, even if the Court were to entertain Petitioner's argument, it in any event lacks merit. For one, *Sorrells* does not deal with the instant circumstance of a federal habeas petition following a state criminal conviction in which the defendant pled guilty. Rather, *Sorrells* addresses whether a federal criminal defendant is entitled to present evidence of entrapment to a jury at trial for a crime that did not explicitly permit such a defense. 287 U.S. at 439. The public policy considerations that demand allowing an entrapment defense are not the same in these two contexts. A court that bars a defendant from presenting evidence of a defense of entrapment at trial undercuts the purpose of a trial in determining guilt or innocence because the law excuses "guilt" coerced by entrapment. *See id.* at 451–52. By contrast, the purpose of a § 2254 petition for a writ of habeas corpus is to assess whether the state's process of conviction was unconstitutional or in violation of federal law. *See Trevino v. Thaler*, 569 U.S. 413, 421 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1, 8–15 (2012) and *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973)).

Entrapment is an affirmative defense to a crime, not an independent basis for habeas corpus relief. *See United States v. Bailey*, 331 F.2d 218, 220 (7th Cir. 1964). Petitioner is correct that the prosecution's failure to turn over exculpatory evidence in violation of *Brady* is a ground that may be pursued in a habeas petition. But regardless of the potential merits of such an argument, Congress has imposed a statute of limitations on petitions for writs of habeas corpus, reflected in § 2244(d), and Petitioner's claims are "facially untimely." ECF No. 7 at 5. The only recognized exceptions are those found in equity, which the Court already acknowledged: (1) remedying a fundamental miscarriage of justice against an actually innocent defendant, and (2) an extension based on equitable tolling when a

Page 6 of 8
Case 2:22-cv-01216-JPS    Filed 07/30/24    Page 6 of 8    Document 24

defendant diligently pursued relief and some extraordinary circumstance prevented timely filing.[1]

Petitioner cites no federal law, and the Court is unable to locate any, that suggests that a *Brady* violation that could have exposed entrapment should override the time limitations imposed by Congress in § 2244(d). Petitioner is correct that the public policy of preventing law enforcement entrapment of criminal defendants is an important one, as discussed in *Sorrells*. However, there is no indication that Congress was not aware of this long-standing public policy concern several decades later when they amended federal habeas laws under AEDPA. Rather, it seems more likely that Congress considered many competing public policy concerns, such as the need for finality in litigation, when it made a legislative choice to impose a time restriction that applied to all types of habeas claims, including that which is asserted here.

The U.S. Supreme Court has made clear that courts must accept the intended limitations imposed on federal habeas relief by Congress. *Brown v. Davenport*, 596 U.S. 118, 134, 141 (2022). There is no indication that the Supreme Court has made an exception to this rule such that underlying allegations of entrapment can be substantively favored at the expense of Congress's statute of limitations mandates. In light of all the foregoing, the

---

[1]*See Schlup v. Delo*, 513 U.S. 298, 316 (1995); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). Petitioner does not assert either of these exceptions in his motion for reconsideration. In fact, Petitioner now concedes that he cannot demonstrate actual innocence. ECF No. 9 at 1. Petitioner does describe his attempts at challenging his conviction, but most of this discussion merely rehashes previously considered and rejected arguments, and it is therefore an inappropriate basis for reconsideration. Without specific mention of equitable tolling or a non-conclusory explanation of the post-2007 time frame, the Court will not explore these exceptions any further.

Court declines to disrupt its previous order dismissing this case with prejudice.

4. **CONCLUSION**

Petitioner has failed to point to any manifest error of law or fact in the Court's order screening his petition and dismissing this case. Nor does Petitioner point to any newly discovered evidence or intervening change in controlling law to justify reconsideration on those alternative grounds. Thus, and for all the reasons discussed herein, the Court will deny Petitioner's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner Tyrone Stallings's motion for reconsideration, ECF No. 9, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge